Pomponi v A.O. Smith Water Prods. Co. (2022 NY Slip Op 04612)

Pomponi v A.O. Smith Water Prods. Co.

2022 NY Slip Op 04612

Decided on July 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 19, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 

Index No. 190101/15 Appeal No. 14982 Case No. 2020-04690 

[*1]Eileen Pomponi, as Executrix for the Estate of Italo Pomponi etc., Plaintiff-Respondent,
v
A.O. Smith Water Products Co. et al., Defendants, American Biltrite Inc., Defendant-Appellant.

Manning Gross + Massenburg, LLP, New York (Justin A. Reinhardt of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Alani Golanski of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about November 2, 2020, which denied defendant American Biltrite Inc.'s motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant American Biltrite, Inc. (ABI) is the manufacturer of Amtico vinyl floor tile and sheet vinyl flooring that contained asbestos. Plaintiff's decedent, Italo Pompani, was diagnosed with lung cancer in 2014, which led to his death in 2016. The complaint alleges that decedent's exposure to asbestos products, including Amtico floor tiles, contributed to the development of his lung cancer. At his deposition, decedent testified that, at various job sites during his career as an electrician, he worked as close as five feet from flooring installers installing Amtico asbestos-containing floor tiles and sheet vinyl flooring, which produced visible dust that he inhaled.
In asbestos exposure and other toxic tort cases, "an opinion on causation should set forth a plaintiff's exposure to a toxin, that the toxin is capable of causing the particular illness (general causation) and that plaintiff was exposed to sufficient levels of the toxin to cause the illness (specific causation)" (Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006]; accord Nemeth v Brenntag N. Am., ___ NY3d ___, 2022 NY Slip Op 02769, *1 [2022]). As to specific causation, "there must be evidence from which the factfinder can conclude that the plaintiff was exposed to levels of th[e] agent that are known to cause the [relevant] harm" (Sean R. v BMW of N. Am., LLC, 26 NY3d 801, 808-809 [2016] [internal quotation marks omitted]).
Nonetheless, "because there are times that 'a plaintiff's exposure to a toxin will be difficult or impossible to quantify by pinpointing an exact numerical value,' 'it is not always necessary for a plaintiff to quantify exposure levels precisely or use the dose-response relationship, provided that whatever methods an expert uses to establish causation are generally accepted in the scientific community'" (Nemeth, 2022 NY Slip Op 02769, *1, quoting Parker, 7 NY3d at 447-448).
Plaintiff asserts that defendant's Amtico tiles contained chrysotile asbestos which contributed to the development of decedent's ultimately fatal lung cancer. In its motion for summary judgment, defendant established prima facie a lack of specific causation. In particular, defendant submitted a report affirmed by industrial hygienist John W. Spencer of Environmental Profiles, Inc. (EPI). Spencer relied on a 2007 EPI study of airborne asbestos generated by cutting Amtico tiles. The study found an eight-hour weighted average airborne concentration level of less than .00044 fibers per cubic centimer (f/cc). Based on that finding, Spencer calculated that decedent's work near Amtico tile installations exposed him to a cumulative dose of .0000086 [*2]f/cc, a level "indistinguishable from mot ambient measurements and below occupational exposure levels." This report establishes that decedent was not exposed to levels of asbestos from its products sufficient to contribute to his lung cancer.
Plaintiff's opposition failed to raise any issue of fact as to specific causation. A showing that the decedent "work[ed] in dust laden with asbestos generated from products containing asbestos" accompanied by "expert testimony that dust raised from manipulating asbestos products 'necessarily' contains enough asbestos to cause mesothelioma" is not enough (Nemeth at *2 n 3). Plaintiff's medical expert did point to simulation studies measuring an average level of airborne asbestos as high as 0.27 f/cc during the cutting, sanding, and snapping of asbestos-containing floor tile. He did not, however, provide any correlation between the asbestos fiber levels to which plaintiff may have been exposed and the amount of inhaled asbestos that would have caused decedent's lung cancer (see Nemeth at *3; Dyer v Amchem Prods. Inc., Appeal No.
13739 [decided herewith]).
In light of our conclusion that plaintiff failed to raise a triable issue of fact as to specific causation, we need not reach any other issue.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 19, 2022